**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARDO GARCIA, | Civil Action No. 02-2894 (JCL) |
| Petitioner, | |
| v. | **OPINION** |
| TERRANCE MOORE, et al., | |
| Respondents. | |

**APPEARANCES:**

    LEONARDO GARCIA, #303854B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065
    Petitioner Pro Se

    ANALISA SAMA HOLMES, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice
    Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey 08625
    Attorneys for Respondents

**LIFLAND**, District Judge

    Leonardo Garcia filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction for murder in the Superior Court of New Jersey, Hudson County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the statute of limitations, 28 U.S.C. § 2244(d). Petitioner filed a Traverse to the Answer. For the reasons expressed below, the Court dismisses the Petition as untimely, and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Hudson County, on July 7, 1986, after a jury found him guilty of murder, aggravated assault, and unlawful possession of a handgun. The Law Division sentenced Petitioner to concurrent prison terms of 30 to 50 years for the murder, nine months for the aggravated assault, and four years for the handgun charge. Petitioner appealed, and on June 21, 1988, the Superior Court of New Jersey, Appellate Division, affirmed the conviction, but modified the concurrent prison term imposed for the aggravated assault to 18 months without parole. The New Jersey Supreme Court denied Petitioner's petition for certification on September 28, 1988.

Petitioner filed a state petition for post-conviction relief in November 1988. The Law Division of the Superior Court of New Jersey denied relief on April 3, 1989. In an opinion filed February 22, 1991, the Superior Court, Appellate Division, affirmed the order denying post conviction relief on the ground that Petitioner raised or could have raised his arguments in the direct appeal. The Supreme Court of New Jersey denied his petition for certification on June 28, 1991.

On May 6, 1993, Petitioner filed a motion to correct an illegal sentence, which the Law Division denied on the same date. The Appellate Division denied Petitioner's appeal on October 20, 1994, and the Supreme Court of New Jersey denied certification on March 29, 1995.

On December 2, 1995, Petitioner executed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("First Petition"). See Garcia v. Morton, Civil No. 96-78 (JWB) (D.N.J. filed Jan. 12, 1996). The Clerk received it on January 12, 1996. Respondents filed an

Answer. On July 29, 1996, Hon. John W. Bissell dismissed the Petition without prejudice as a mixed petition because it contained exhausted and unexhausted claims. Id.

On November 14, 1997, Petitioner executed a notice of motion for post conviction relief, which was filed in the Superior Court of New Jersey, Law Division, Hudson County. The Law Division denied relief on February 10, 1999, without conducting an evidentiary hearing. Petitioner appealed and the Appellate Division affirmed the order denying post conviction relief on February 16, 2001. The Supreme Court of New Jersey denied certification on November 5, 2001.

On June 11, 2002, Petitioner executed his second § 2254 Petition, which is now before this Court. The Clerk received it on June 18, 2002. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts four grounds, none of which raises a right newly recognized by the United States Supreme Court. The grounds are set forth below verbatim:

> Ground One: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CONTRARY TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> Ground Two: THE TRIAL COURT ERRED IN ADMITTING DEFENDANT'S STATEMENT INTO EVIDENCE PURSUANT TO RULE 8(3) HEARING BECAUSE THE DEFENDANT DID NOT VOLUNTARILY AND KNOWINGLY WAIVE HIS MIRANDA RIGHTS.
>
> Ground Three: DEFENDANT WAS DENIED DUE PROCESS GUARANTEED UNDER THE CONSTITUTION BECAUSE HIS ADMISSION WAS INVOLUNTARILY MADE.

3

>Ground Four: THE DEFENDANT WAS DENIED THE
>EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(Pet. ¶ 12.A. - 12.D.)

Respondents filed an Answer, arguing, <u>inter alia</u>, that the Petition should be dismissed as time-barred. Petitioner filed a Traverse opposing dismissal of the Petition.

## II. DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

5

exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The limitations period was not statutorily tolled at any time between April 24, 1996, and April 23, 1997, because no application for state post-conviction or other collateral review with respect to the pertinent judgment or claim was pending during this period.[1]

The Court is mindful that Petitioner's first unexhausted § 2254 petition was pending before this Court between April 24, 1996, and July 29, 1996, when it was dismissed without prejudice as a mixed petition. Absent tolling, the limitations period expired on April 23, 1997, over six months before Petitioner executed his second state post conviction relief petition on November 14, 1997.

This Court holds that the limitations period was not tolled during the three-month period Petitioner's first petition was pending before this Court. Statutory tolling is unavailable because

---

[1] Petitioner's motion to correct an illegal sentence was pending in the state courts from May 6, 1993, until March 29, 1995, when the Supreme Court of New Jersey denied certification. Petitioner did not file his second state post conviction relief application in the Law Division until November 14, 1997, after the one-year statute of limitations expired on April 23, 1997.

6

the United States Supreme Court held in 2001 that the limitations period is not statutorily tolled while an unexhausted § 2254 petition is pending before a federal court. See Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); see also Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Equitable tolling is foreclosed by the Third Circuit's ruling in Jones v. Morton, 195 F.3d at 159-60, that, absent extraordinary circumstances, the limitations period is not equitably tolled while a mixed petition is pending before a district court. Jones filed his second § 2254 petition in this Court on March 28, 1995. Id. at 155. The Court dismissed it on July 15, 1996, on the ground that it did not raise a federal claim and, alternatively, for failure to exhaust state court remedies. Id. Jones applied for a certificate of appealability which the Third Circuit denied on January 13, 1997, for failure to exhaust state court remedies. Id. at 156. Jones filed the § 2254 petition at issue on November 3, 1997. Id. The Court dismissed that petition on April 9, 1998, on several grounds, including statute of limitations. Id. The Third Circuit granted a certificate of appealability as to whether the District Court properly dismissed the petition as time-barred and whether Jones was entitled to tolling of the limitations period. Id. at 156. The Third Circuit noted that Jones' prior unexhausted petition was pending before this Court from the date of AEDPA's enactment on April 24, 1996, until February 14, 1997, and that, if Jones were afforded tolling during the pendency of that petition, his present petition would be timely. Id. at 158. After rejecting Jones' statutory tolling argument, the circuit court considered Jones' contention that, in light of his repeated attempts to be heard in federal court, it would not be equitable to bar the current petition as untimely. Id. at 160.

7

Noting that, "[t]raditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held that Jones' "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations" and that he had established "no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court." Id. The Court also rejected Jones' argument that the filing date of the current petition should relate back to the filing date of the second unexhausted petition because, once the prior petitions were dismissed, there was nothing for the third petition to relate back to. Id. The Third Circuit held that, "if a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action." Id. at 160-61.

The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this Court from finding that Petitioner's mistaken filing of his first unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the three-month period from April 24, 1996, through July 29, 1996, that the petition was pending in this Court. Id. As Petitioner provides no other extraordinary circumstance that might warrant equitable tolling of the limitations period, the statute of limitations expired on April 23, 1997. Petitioner's second state post-conviction relief petition could not statutorily toll the limitations period because it was not filed in the New Jersey courts until November 14, 1997, after the limitations period had expired. See Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004) (where AEDPA's one-year period of limitation expired before petitioner filed his state PCR petition, that state PCR petition would not toll limitations period).

8

The Supreme Court's recent decisions in Pliler v. Ford, 124 S.Ct. 2441 (2004), and Rhines v. Weber, 125 S.Ct. 1528 (2005), are instructive. In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired. After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims. The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed. The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations. The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition. The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice. Pliler, 124 S.Ct. at 2446. The Court expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

> Respondent reads Rose as mandating that a prisoner be given *the choice* of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court. But Rose requires only that a district court must dismiss . . . mixed petitions, leaving the prisoner with

9

> the choice described above. In other words, Rose requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition. But nothing in Rose requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

Pliler, 124 S.Ct. at 2447 (citations and internal quotation marks omitted).

In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court vacated a judgment of the Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court. Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," id. at 1533, the Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 1533.

The Rhines Court held that a district court has the authority to issue stays only where a stay would be compatible with AEDPA's purposes. Id. at 1534. The Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

10

dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 1535.

In light of Pliler, Rhines, and Jones v. Morton, this Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations which expired on April 23, 1997. Petitioner is not entitled to equitable tolling of the limitations period that would render his Petition timely. Accordingly, the Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

## B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In light of Pliler and Rhines, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

_____
JOHN C. LIFLAND, U.S.D.J.

DATED: __Oct. 19,_____, 2005